_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

| | |
|---|---|
| AMERICANS FOR SAFE ACCESS, et al. ) | |
| ) | |
| Petitioners ) | No. 11-1265 |
| ) | |
| v. ) | |
| ) | |
| DRUG ENFORCEMENT ADMINISTRATION, et al. ) | |
| ) | |
| Respondents. ) | |

_____

**PETITIONERS' PRELIMINARY STATEMENT OF
ISSUES TO BE RAISED BY PETITION**

_____

Pursuant to this Court's July 26, 2011, Order and Circuit Rule 30(b), petitioners Americans for Safe Access, Coalition to Reschedule Cannabis, Kathy Jordan, Michael Kravitz, Patients Out of Time, Rick Steeb, and William Britt (collectively "petitioners") respectfully submit this preliminary statement of issues to be raised by their Petition.

In 2002, petitioners filed a Petition with the Drug Enforcement Administration to initiate rulemaking proceedings under the rescheduling provisions of the Controlled Substances Act ("CSA"), 21 U.S.C. § 811. The Petition sought to have marijuana removed from schedule I of the CSA because it: (1) has an accepted medical use in the United States; (2) is safe for use under medical supervision; (3) has an abuse potential that is lower than schedule I or II drugs;

1

and (4) has a dependence liability that is lower than schedule I or II drugs.  After petitioners filed an action in this Court to compel the DEA to act on the Petition, *In re: Coalition to Reschedule Cannabis*, No. 11-5121, the DEA issued a denial of the Petition without a hearing, as published at 76 Fed.Reg. 40552 (July 8, 2011).  Petitioners, then, instituted the instant action under 21 U.S.C. § 877, seeking this Court's review of the denial of the Petition.  Petitioners preliminarily intend to raise these issues:

    1.    Whether the DEA's failure to initiate rulemaking proceedings to reschedule marijuana, as requested by the Petition, resulted from a failure to apply or an incorrect application of the proper legal standards, or was arbitrary and capricious, an abuse of discretion, or otherwise improper.

    2.    Whether the DEA's determination that marijuana "has no currently accepted medical use in treatment in the United States" is not supported by the facts, or was arbitrary and capricious, an abuse of discretion, or otherwise improper.

    3.    Whether the DEA's determination that marijuana "lacks accepted safety for use under medical supervision" is not supported by the facts, or was arbitrary and capricious, an abuse of discretion, or otherwise improper.

    4.    Whether the DEA's determination that marijuana "has a high potential for abuse" is not supported by the facts, or was arbitrary and capricious, an abuse of discretion, or otherwise improper.

/ / /

/ / /

/ / /

5. Whether the DEA's failure to conclude that marijuana has a dependence liability that is lower than schedule I and II substances is not supported by the facts, or was arbitrary and capricious, an abuse of discretion, or otherwise improper.

DATED: August 23, 2011             Respectfully Submitted,


                                        /s/ Joseph D. Elford
Joseph D. Elford
Americans for Safe Access
1322 Webster St., Ste. 402
Oakland, CA 94612
(415) 573-7842

Counsel for Petitioners

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on August 23, 2011, via ECF/electronic filing upon the United States Attorney General's Office, 950 Pennsylvania, Avenue, N.W., Washington DC, 20530, and Carl E. Olsen, 130 East Aurora Avenue, Des Moines, IA 50313.

DATED:   August 23, 2011          Respectfully Submitted,

                                          /s/ Joseph D. Elford
                                          Joseph D. Elford